IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO.: 2:18cr325-RAH |
| ) | |
| JEREMY LOUIS HULLETT ) | |

**ORDER**

On October 28, 2024, the Government and Defendant Jeremy Louis Hullett filed the Joint Motion to Impose Judgment and Waiver of Final Revocation Hearing. (Doc. 84.) The Defendant expressly waived the right to a final hearing. (*Id.*)

The parties agree that the violation alleged in the July 22, 2024 Petition for Revocation of Supervised Release (Doc. 61) is a Grade C violation (Doc. 84 at 2) and that the applicable criminal history category is VI. The applicable guideline range is therefore 8-14 months. U.S. Sentencing Guidelines Manual § 7B1.4. They further agree that the nature and circumstances of the violation and the history and characteristics of Defendant Hullett warrant a sentence of time served. For the following reasons, the Court will accept the parties' agreement, grant the revocation petition (Doc. 61), revoke Defendant Hullett's term of supervision, and

sentence him to time served (1 month and 14 days) and to the continuation of his existing terms of supervised release.

Federal Rule of Criminal Procedure 32.1 governs "revoking or modifying probation or supervised release." Under the Rule, Defendant Hullett is entitled to "(A) written notice of the alleged violation; (B) disclosure of the evidence against [him]; (C) an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear; (D) notice of [his] right to retain counsel or to request that counsel be appointed if [he] cannot obtain counsel; and (E) an opportunity to make a statement and present any information in mitigation." Fed. R. Crim. P. 32.1(b)(2). The rule also provides that revocation hearings can be waived by a defendant: "*Unless waived by the person*, the court must hold the revocation hearing within a reasonable time in the district having jurisdiction." Fed. R. Crim. P. 32.1(b)(2) (emphasis added). *See also United States v. Jones*, 798 F. App'x 494, 496-97 (11th Cir. 2020) (explaining that "[t]he Federal Rules of Criminal Procedure, which govern revocation hearings, allow a defendant to waive their right to a hearing" based on the federal rule). Given this rule, the Court is satisfied that Defendant Hullett's waiver is sufficient for this Court to proceed without a revocation hearing.

Accordingly, it is

ORDERED as follows:

1. The Joint Motion (Doc. 84) is GRANTED;

2. The Court accepts the parties' agreement as set forth in the Joint Motion and Defendant Hullett's waiver of his right to a revocation hearing (*Id.*);

3. Based on Defendant's plea of guilty as to Violations 1, 2, and 3, the Court finds that Defendant violated conditions of the terms of supervised release, specifically that he must refrain from unlawful use of a controlled substance (Violation 1), that he must follow the instructions of the probation officer (Violation 2), and that he must participate in a substance abuse program (Violation 3). (*See* Doc. 61.);

4. The Petition to Revoke Supervised Release (Doc. 61) is GRANTED;

5. The Court finds that this violation is a Grade C violation in the U.S. Sentencing Guidelines, that Defendant Hullett's criminal history category is VI, and that the guideline range for imprisonment is 8 to 14 months;

6. Having considered and consulted the Sentencing Guidelines, the 18 U.S.C. § 3553(a) factors, and the parties' agreement, **it is the judgment of the Court that Defendant Hullett is sentenced to time**

**served (1 month and 14 days) and shall continue the existing conditions of his supervised release.**

7. The Court understands that Defendant Hullett is not in custody.

DONE, on this the 29th day of October 2024.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE