IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO.:  2:18cr325-RAH |
| | ) |
| JEREMY LOUIS HULLETT | ) |

## ORDER

On October 20, 2025, the Government and Defendant Jeremy Louis Hullett filed the Joint Motion to Impose Judgment and Waiver of Final Revocation Hearing.  (Doc. 120.)  Defendant expressly waived the right to a final hearing. (*Id.*)

The parties agree that all nine violations alleged in the July 30, 2025 Second Amended Petition for Revocation of Supervised Release (Doc. 110) are Grade C violations and that the applicable criminal history category is VI.  The applicable guideline range is therefore 8-14 months.  U.S. Sentencing Guidelines Manual § 7B1.4.  They also agree that the nature and circumstances of the violations and the history and characteristics of Defendant Hullett warrant a sentence of fourteen months of imprisonment.  For the following reasons, the Court will accept the parties' agreement, grant the Second Amended Petition (Doc. 100), revoke

Defendant Hullett's term of supervision, and sentence him to fourteen months of imprisonment with no term of supervision to follow.

Federal Rule of Criminal Procedure 32.1 governs "revoking or modifying probation or supervised release."  Under the Rule, Defendant Hullett is entitled to "(A) written notice of the alleged violation; (B) disclosure of the evidence against [him]; (C) an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear; (D) notice of [his] right to retain counsel or to request that counsel be appointed if [he] cannot obtain counsel; and (E) an opportunity to make a statement and present any information in mitigation." Fed. R. Crim. P. 32.1(b)(2).  The rule also provides that revocation hearings can be waived by a defendant: "*Unless waived by the person*, the court must hold the revocation hearing within a reasonable time in the district having jurisdiction."  Fed. R. Crim. P. 32.1(b)(2) (emphasis added). *See also United States v. Jones*, 798 F. App'x 494, 496-97 (11th Cir. 2020) (explaining that "[t]he Federal Rules of Criminal Procedure, which govern revocation hearings, allow a defendant to waive their right to a hearing" based on the federal rule).  Given this rule, the Court is satisfied that Defendant Hullett's waiver is sufficient for this Court to proceed without a revocation hearing.

Accordingly, it is

2

ORDERED as follows:

1. The Joint Motion (Doc. 120) is GRANTED;

2. The final revocation hearing set for October 22, 2025 (see Doc. 119) is CANCELED;

3. The Court accepts the parties' agreement as stated in the Joint Motion and Defendant Hullett's waiver of his right to a revocation hearing (*Id.*);

4. Based on Defendant's plea of no contest to all nine violations, the Court finds that Defendant violated conditions of the terms of supervised release, specifically that he must refrain from unlawful use of a controlled substance (Violations 1 & 2), that he must report to the probation officer (Violation 3), that he must follow the instructions of the probation officer (Violation 4), that he must live at a place approved by the probation officer (Violation 5), that he must reside at a reentry facility (Violation 6), that he must participate in a substance abuse program (Violation 7), that he must participate in a mental health program (Violation 8), and that he must pay restitution (Violation 9). (*See* Doc. 110.);

5. The Second Amended Petition to Revoke Supervised Release (Doc.110) is GRANTED;

6. The Court finds that the violations are Grade C violations in the U.S. Sentencing Guidelines, that Defendant Hullett's criminal history category is VI, and that the guideline range for imprisonment is 8 to 14 months;

7. Having considered and consulted the Sentencing Guidelines, the 18 U.S.C. § 3553(a) factors, and the parties' agreement, **it is the judgment of the Court that Defendant Hullett is sentenced to 14 months of imprisonment with no term of supervision to follow.**

8. The Court understands that Defendant Hullett is in custody.

DONE, on this the 20th day of October 2025.

_____

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE